859 F.2d 922
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jeffrey JOHNSON, Petitioner-Appellant,
v.
Robert LECUREUX, Respondent-Appellee.
 No. 88-1112.
 United States Court of Appeals, Sixth Circuit.
 Oct. 17, 1988.
 
 Before KENNEDY, BOYCE F. MARTIN Jr. and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Jeffery Johnson, a Michigan state prisoner serving life imprisonment appeals the district court's judgment denying his petition for writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Johnson was convicted in 1978 of first-degree murder, two counts of assault with intent to murder and felony-firearm violations following a jury trial in the Recorder's Court of the City of Detroit. By virtue of the judgment he was given a sentence of mandatory life imprisonment and two sentences of 2 to 20 years. His conviction was affirmed and he was denied leave for a delayed appeal. People v. Johnson, 113 Mich.App. 650 (1982), 417 Mich. 1100.2 (1983).
 
 
 3
 As summarized from the Michigan Court of Appeals opinion, the two complaining witnesses and the decedent were walking down an alley when a man jumped from behind some bushes and started shooting at them. Upon hearing the shots, all three started running but the decedent, Kevin May fell after only a few steps. The two complaining witnesses identified Johnson as having fired the shots.
 
 
 4
 In his petition for federal habeas relief, Johnson argued that: 1) he was denied due process of law in violation of the fourteenth amendment by the jury instruction on the offense of first degree murder; 2) he was denied the protection of the sixth amendment guarantees by the trial court's restriction of cross-examination of a complaining witness; and 3) he was denied due process by the destruction of fingerprint evidence that might have been of some exculpatory value.
 
 
 5
 The district court adopted the report of the magistrate and held: 1) the jury instructions, when taken as a whole, did not violate Johnson's due process rights; 2) the trial court's ruling restricting cross-examination did not deny him fundamental fairness; and 3) due process was not violated by the destruction of fingerprint evidence. We agree. Johnson's argument that he was denied due process by the destruction of fingerprint evidence is without merit. The evidence was not "material". California v. Trombetta, 467 U.S. 479, 488-89 (1984). See Ford v. Seabold, 841 F.2d 677, 692 (6th Cir.1988). The evidence was neither exculpatory nor was it requested by Johnson before its routine destruction in accordance with Detroit police department policy.
 
 
 6
 Judgment affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.